UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


SPECIALTY RISK INSURANCE )
COMPANY, )
 )
Plaintiff, )
 )
v. ) No.: 3:04-CV-500
 ) (VARLAN/SHIRLEY)
JACK WOLFORD and LINDA WOLFORD, )
 )
Defendants. )


**MEMORANDUM OPINION**

This civil action is before the Court on plaintiff's Motion for Judgment on the

Pleadings [Doc. 10]. Plaintiff filed a complaint seeking declaratory judgment that the family

member exclusion contained in the insurance policy issued to defendant by plaintiff bars

defendants' claim for benefits as a matter of law.

Plaintiff is a corporation organized pursuant to the laws of Ohio and has its principal

place of business in Ohio. At all times relevant to this case, defendants were residents of

Tennessee.[1]  The amount in controversy exceeds $75,000.  Therefore, jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332.

In its motion for judgment on the pleadings, plaintiff contends that the undisputed facts establish that plaintiff's policy issued to defendant Mr. Wolford does not provide liability coverage for his personal injuries allegedly suffered in a one-car accident when he was a passenger in his car driven by defendant Mrs. Wolford. [*See* Doc. 10].  Accordingly, plaintiff seeks a declaratory judgment stating that no liability coverage is provided to defendant Mr. Wolford under the insurance policy at issue for the accident.  Defendants do not oppose plaintiff's motion in light of *Purkey v. Amer. Home Assurance Co.*, ___ S.W.3d ___ , 2005 WL 2402216 (Tenn. Sep. 30, 2005). [*See* Doc. 15].

---

[1] In their Answer [Doc. 6], defendants challenge, without explanation, the Court's *in personum* jurisdiction.  "In diversity actions, a federal court applies the law of the forum state in which it sits to determine whether personal jurisdiction is appropriate." *Williams v. Firstplus Home Loan Owner Trust 1998-4*, 310 F.Supp.2d 981, 990 (W.D. Tenn. 2004 (citing *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994)).  A court may exercise jurisdiction over a non-resident only in accordance with the forum state's long-arm statute and the Due Process Clause.  *See id.*  Tennessee law extends *in personum* jurisdiction to limits imposed by the Due Process Clause.  *See* Tenn. Code Ann. § 20-2-214(a)(6).  Thus, this Court may exercise jurisdiction over defendants if they have "certain minimum contacts" with Tennessee such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

In this case, defendants have sufficient minimum contacts with Tennessee such that the exercise of personal jurisdiction by this Court would not offend traditional notions of fair play and substantial justice.  Defendants entered into the insurance policy at issue in this case in Tennessee. Defendants were residents of Tennessee during the term of the policy and at the time of the accident giving rise to their claim for benefits.  The vehicle involved in the accident and covered by the policy was titled and registered in Tennessee.  Finally, defendant Mrs. Wolford, the driver, was the holder of a Tennessee driver's license at the time of the accident.  Therefore, *in personum* jurisdiction in this Court is proper.

For the reasons discussed below, plaintiff's motion for judgment on the pleadings will be granted and the declaratory judgment will be entered.

## I.     Judgment on the Pleadings Standard

In determining whether to grant a motion for judgment on the pleadings, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993). *See also* Fed. R. Civ. P. 12(c). The Court need not accept, however, the legal conclusions or unwarranted factual inferences of the non-moving party's pleadings. *See Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003). Documents attached as exhibits to the motion for judgment on the pleadings do not convert the motion for judgment on the pleadings to a motion for summary judgment under Rule 56 if they are referred to in the complaint and are central to plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 513.

In the present action, plaintiff attached the policy and declaration to its motion for judgment on the pleadings. [*See* Docs. 11-2, 11-3]. These documents are mentioned throughout plaintiff's complaint [Doc. 1] and are central to plaintiff's claim for declaratory judgment. Therefore, the Court will consider those documents part of the pleadings for the purposes of the instant motion. *See* Fed. R. Civ. P. 12(c).

Where a federal court exercises diversity jurisdiction, it is axiomatic that it must apply the substantive law of the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). In addition, the policy at issue in this case contains a choice of law provision requiring the

3

application of the law of Mr. Wolford's residence at the time he entered into the policy to disputes concerning provisions of the policy. [*See* Doc. 11-2 at 28]. Therefore, this Court must apply the substantive laws of Tennessee in resolving the merits of this case.

Furthermore, this action is ripe for resolution, as there are no circumstances that justify the application of a doctrine of abstention. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813-19 (1976).

## II.     Facts

Plaintiff issued to defendant Mr. Wolford an insurance policy providing automobile liability coverage and bodily injury liability coverage with limits of $100,000 for each person and $300,000 for each accident. [Doc. 11-3]. Defendant Mr. Wolford was named as the insured and defendant Mrs. Wolford was included as a driver and resident of the household. [*Id.*]. At all times relevant to this case, defendants Mr. and Mrs. Wolford were married and shared the same residence. [*See* Docs. 1, 6].

On or about February 28, 2003, defendants were involved in a single-car accident in McCarr, Kentucky. [*See* Docs. 1, 6]. At the time of the accident, defendant Mrs. Wolford was operating the covered vehicle and defendant Mr. Wolford was a passenger. [*See id.*]. Defendant Mr. Wolford filed a claim for liability benefits under the policy. [*See id.*].

The insurance policy includes a section entitled "Exclusions." [Doc. 11-2 at 8]. It states that the policy does not apply to "bodily injury to you or a relative." [*Id.* at 9]. The policy defines "you" as the person shown as the named insured as well as the spouse of the person shown as the named insured. [*Id.* at 5]. The policy also defines "relative" as including

4

someone residing in the same household and to whom insured is married. [*Id.*].  The policy

also specifies that the policy is governed according to the laws of the insured's residence,

which in this case was Tennessee. [*Id*. at 28].

Based on the language of the policy itself, plaintiff argues that defendant Mr. Wolford

may not recover for the accident.  Defendants, however, argued that such an exclusion is

against public policy and, therefore, is void.

## III.    Analysis

The Court lacks the authority to "rewrite policies of insurance to provide coverage"

where none was intended.  *Spears v. Commercial Ins. Co. of Newark, N.J.*, 866 S.W.2d 544,

548 (Tenn. Ct. App. 1993).  If an exclusion provision violates public policy, however, it is

void, just like any other contract provision.  *See Alcazar v. Hayes*, 982 S.W.2d 845, 851

(Tenn. 1998).  In Tennessee, however, family exclusion provisions are valid and not contrary

to public policy.  *Purkey*, ___ S.W.3d at ___ , 2005 WL 2402216, at *6; *Dockins v. Balboa

Ins. Co.*, 764 S.W.2d 529, 530 (Tenn. 1989); *Holt v. State Farm Mut. Auto. Ins. Co.*, 486

S.W.2d 734, 735 (Tenn. 1972).

Turning to the present case, as defendants acknowledge, the law of Tennessee does

not void the family exclusion provision in the policy issued to defendant Mr. Wolford.

Because the provision is not void under Tennessee law, the Court is bound to enforce it.  The

undisputed facts establish that the policy does not cover the injuries for which defendant Mr.

Wolford filed a claim.  Accordingly, plaintiff is entitled to a judgment against defendants

5

declaring that defendant Mr. Wolford is not entitled to any coverage under his policy with plaintiff for the accident that occurred on or about February 23, 2003.

## IV.     Conclusion

Plaintiff has filed a motion for judgment on the pleadings [Doc. 10] seeking a declaratory judgment against defendants stating that defendant Mr. Wolford is not entitled to coverage under his insurance policy with plaintiff for his accident that occurred on or about February 23, 2003.  Defendants do not oppose plaintiff's motion, in light of *Purkey v. Amer. Home Assurance Co.*, ___ S.W.3d ___ , 2005 WL 2402216.  Because the family exclusion provision is not void as violative of public policy, this Court is bound to enforce it.  Therefore, plaintiff's motion will be granted and the declaratory judgment will be entered.

ORDER ACCORDINGLY.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE


6